Nenita MILLER, Petitioner,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF EDUCATION, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 28, 2000.

Decided May 22, 2000.

Harvey S. Miller, Lancaster, for petitioner.

Daniel J. Myers, Harrisburg, for respondent.

Before PELLEGRINI, J., FLAHERTY, J., and McCLOSKEY, Senior Judge.

PELLEGRINI, Judge.

Nenita Miller (Applicant) petitions for review of the November 15, 1999 order of the Secretary of the Department of Education (Department) denying her request for administrative relief from the Department's Bureau of Teacher Certification and Preparation's (Bureau) denial of her application for an Administrative I certificate as Secondary Principal and for a Supervisory I certificate as Supervisor of Curriculum and Instruction.

Applicant is a licensed professional teacher employed by the Oxford Area School District. She earned a doctorate degree in Educational Leadership with a concentration in Administration and Policy from the University of Delaware's College of Education. In December 1998, she applied for a Supervisory I certificate as Supervisor of Curriculum and Instruction and for an Administrative I certificate as Secondary Principal through the Department's Bureau of Teacher Certification and Preparation.[1]

Although finding that Applicant had met the requisite academic requirements and years of professional service for certification as either a Secondary Principal or a Supervisor of Curriculum and Instruction, the Bureau denied the application finding that she had failed to provide any evidence that she had completed an approved program with a supervised "practicum." Not defined, a practicum appears to require a supervised period in which an applicant actually supervises teachers, analogous to student teaching.[2] Applicant then filed an administrative appeal with the Certification Appeal Committee (Committee) and requested a hearing. Before the Committee, Applicant contended that her work experience as the teacher and administrator of English as a Second Language program at the Oxford Area School District in addition to her eight years of experience as a School Director were the functional equivalent of the Bureau's "practicum." Applicant also submitted letters of recommendation written by colleagues and supervisors, as well as an excerpt from the Millersville University Supervisory Certification Program which provided a description of courses needed to complete its Supervisory Certification Program. After a review of Applicant's appeal, the Department found that in absence of the super-

---

1. The Department provides for supervisory and administrative certification of applicants who have completed five years of satisfactory professional experience in the area in which the certificate is sought and have completed an approved graduate program preparing the applicant for the duties associated with the respective certification. As part of an approved graduate program, the Department requires that general and specific standards for program approval and certification be met in order for an applicant to be considered eligible for certification. Pursuant to the specific standards for the Supervisor of Curriculum and Instruction Certificate, an eligible program must include an internship in schools under the joint supervision of a college/university and school district supervisor to verify and record the ability of the intern in field experiences in the area in which certification is sought. Likewise, a program for an Administrative Certificate as Secondary Principal must include studies of and experience in

decision-making and internships or other in-school training with practicing principals. See Pennsylvania Department of Education Standards, Policies and Procedures for State Approval of Certification Programs and for the Certification of Professional Educators for the Public Schools of Pennsylvania.

2. Applicant also contends that because the requirement for what constitutes a "practicum" is not found in the Public School Code of 1949, Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §§ 1–101–27–1702, or in the State Board of Education regulations for certification of professional personnel, 22 Pa. Code §§ 49.1–49.191, the Department abused its discretion in denying certification. However, because Applicant failed to raise this issue during her administrative appeal, she cannot raise it for the first time before this Court. See 2 Pa.C.S. § 703; Pa. R.A.P. 1551.

vised practicum, she did not meet all of the statutory and regulatory requirements for the certificates and denied her appeal. This appeal followed.[3]

As before the Committee, Applicant contends that her actual work experience was the functional equivalent of the Bureau's supervised "practicum" requirement and that the Department abused its discretion when it failed to grant her the certificates based upon her actual work experience. However, the Department was within its discretion when it failed to determine that Applicant had not satisfied its practicum requirement through her work experience, and her mere disagreement with that conclusion does not rise to the level of abuse of discretion as she suggests. Because the Department was within its discretion in finding that Applicant failed to fulfill the practicum requirement, and correspondingly failed to meet the requirements in order to qualify for either the Administrative I certificate as Secondary Principal or the Supervisory I certificate as Supervisor of Curriculum and Instruction, the Department did not abuse its discretion in denying her application.[4] Accordingly, the decision of the Department is affirmed.

### ORDER

AND NOW, this 22nd day of May, 2000, the decision of the Pennsylvania Depart-

ment of Education, dated November 15, 1999, is affirmed.

---

**3.** Our scope of review in this case is limited to the determination of whether there has been a manifest and flagrant abuse of discretion in the execution of the Department's duties or functions. Although the "abuse of discretion" scope of review is not expressly provided for in Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, which provides that an agency action shall be affirmed unless it violates any of the enumerated requirements, our Supreme Court has held that the requirement that an agency's decision be in accordance with the law is satisfied by determining whether there has been a manifest and flagrant abuse of discretion or a purely arbitrary execution of the agency's duties or functions. *See Slawek v. State Board of Medical Education and Licensure,* 526 Pa. 316, 586 A.2d

362(1991); *Blumenschein v. Housing Authority of Pittsburgh* , 379 Pa. 566, 109 A.2d 331(1954).

**4.** Additionally, in the verification form (Form PDE 338 A) of completion of an approved certification program, as required for out-of-state applicants, which was submitted as part of Applicant's application to the Bureau, the Associate Director of the Delaware Center for Teacher Education stated as to the administrative certificate, "I cannot verify that Dr. Miller completed our State Approved Program in this area." As such, Applicant clearly failed to meet the requirements of 22 Pa. Code. § 49.121 when she did not complete an "approved" program.